NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 18 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ADJETEY QUARSHIE, Petitioner, v. MERRICK B. GARLAND, Attorney General, Respondent. | No. 22-148 Agency No. A208-122-574 MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted May 9, 2023
Seattle, Washington

Before: HAWKINS, TALLMAN, and IKUTA, Circuit Judges.

Adjetey Quarshie, a native and citizen of Ghana, seeks review of a decision

of the Board of Immigration Appeals ("BIA") affirming the decision of an

Immigration Judge ("IJ") denying his applications for asylum, withholding of

removal, and protection under the Convention Against Torture ("CAT"). We

have jurisdiction under 8 U.S.C. § 1252(a)(1) and deny the petition for review.

---

\* This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

Where, as here, "[t]he BIA conducted its own review of the evidence and law rather than simply adopting the [IJ]'s decision[,] . . . our review 'is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted.'" *Hosseini v. Gonzales*, 471 F.3d 953, 957 (9th Cir. 2006) (quoting *Cordon-Garcia v. INS*, 204 F.3d 985, 990 (9th Cir. 2000)).

The agency's adverse credibility determination is supported by substantial evidence. *See Iman v. Barr*, 972 F.3d 1058, 1064 (9th Cir. 2020). In part, the BIA determined that Quarshie's testimony was not credible because he previously gave inconsistent sworn statements. Specifically, Quarshie initially told immigration officials that he had never been in jail and later explained that he had been placed in jail for four days during which time he was beaten. The BIA also relied on Quarshie's admission that he lied under oath at his Master Calendar Hearing when he told the IJ that he did not have children. Finally, the BIA relied upon Quarshie's failure to mention specifically in his initial interviews, asylum application, and direct testimony an incident in which he was whipped by members of the military.

Under the totality of the circumstances, the record does not compel a contrary credibility determination. *See Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011). The agency could rely on Quarshie's inconsistent statements, false testimony under oath, and omission when making an adverse credibility determination. *See Shrestha v. Holder*, 590 F.3d 1034, 1047 (9th Cir. 2010); *see also Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016). And contrary

to Quarshie's contention, the record reflects that the IJ adequately considered Quarshie's explanations, and the BIA correctly indicated that the IJ was not required to accept Quarshie's explanations. *See Zamanov*, 649 F.3d at 974.

Substantial evidence also supports the BIA's conclusion that, in absence of credible testimony, Quarshie failed to demonstrate eligibility for CAT relief. *See Shrestha*, 590 F.3d at 1048–49. The independent record evidence does not compel the conclusion that Quarshie particularly will be tortured by or with the acquiescence of public officials if returned to Ghana. *Id.*

**PETITION DENIED.**